IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-60-D-1
No. 7:21-CV-36-D

| | |
|---|---|
| DETRICK DEVONE DAYE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On March 3, 2021, Detrick Devone Daye ("Daye") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 162-month sentence [D.E. 57, 57-1]. On April 12, 2021, the government moved to dismiss Daye's motion [D.E. 61] and filed a memorandum in support [D.E. 62]. The same day, the court notified Daye of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 63]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On May 5, 2021, Daye responded in opposition to the government's motion [D.E. 82]. As explained below, the court grants the government's motion to dismiss and dismisses Daye's section 2255 motion.

I.

On November 5, 2018, without a plea agreement, Daye pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute a quantity of heroin and a quantity of fentanyl (count one), six counts of distribution of a quantity of heroin (counts two through seven), and one count of possession with intent to distribute a quantity of heroin and a quantity of fentanyl (count eight). See [D.E. 32]; Rule 11 Tr. [D.E. 51] 1–23. On May 22, 2019, the court held Daye's

sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 38, 43, 44]; Sent. Tr. [D.E. 52] 4–5. The court found Daye's total offense level to be 29, his criminal history category to be VI, and his advisory guideline range to be 151 to 188 months' imprisonment. See Sent. Tr. at 5. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), including an extensive discussion of Daye's criminal history, the court sentenced Daye to 162 months' imprisonment on each count to run concurrently. See id. at 6–27. Daye appealed. See [D.E. 46]. On April 15, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Daye's sentence. See United States v. Daye, 802 F. App'x 131, 132–33 (4th Cir. 2020) (per curiam) (unpublished); [D.E. 54, 55, 56].

In Daye's section 2255 motion, Daye argues (1) that the court erred in applying the career offender enhancement because his conspiracy conviction in count one does not qualify as the basis for a career offender designation and his 2016 North Carolina controlled substance convictions are not predicate offenses under U.S.S.G. § 4B1.2(b); (2) that he received ineffective assistance of trial counsel because his lawyer should have objected to Daye's career offender status, to Daye not receiving a mitigating role reduction, and to the court's use of "bare arrest information" and inaccurate numbers about heroin deaths at sentencing; and (3) that he received ineffective assistance of appellate counsel because appellate counsel failed to raise the same issues and failed to raise ineffective assistance of trial counsel. See [D.E. 57] 4–6; [D.E. 57-1] 3–8.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v.

2

Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

A.

Daye argues that the court erred in calculating his advisory guideline range by finding him a career offender and by failing to apply a minor role adjustment. Daye also attacks the court's alleged use of "barebone arrest information" and alleged misstatement of the number of people who died of heroin overdoses in the United States. [D.E. 64] 7. Daye, however, cannot use section 2255 to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a [section] 2255 proceeding."). Thus, the claims fail.

Alternatively, Daye procedurally defaulted these claims by failing to raise them on direct appeal. Thus, the general rule of procedural default bars Daye from presenting these claims under

3

section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Daye has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claims fail.

Alternatively, Daye's claim that the court erred in designating Daye a career offender fails. Daye's North Carolina felony drug distribution convictions qualify as career offender predicates. See PSR ¶¶ 27–28; U.S.S.G. § 4B1.2(b) ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."); White v. United States, No. 3:18-CR-00064-RJC-DSC-1, 2021 WL 308596, at *2 (W.D.N.C. Jan. 29, 2021) (unpublished). As for Daye's argument that his conspiracy conviction in count one is not an eligible controlled substance offense under the career offender Guideline, Daye's argument ignores his convictions for six counts of distributing a quantity of heroin (counts two through seven) and his conviction for one count of possession with intent to distribute a quantity of heroin and a quantity of fentanyl (count eight). See [D.E. 44]. Thus, the claims fail.

4

As for Daye's claim that he should have received a minor role adjustment, Daye's PSR reveals no facts suggesting that Daye qualifies for such an adjustment. See U.S.S.G. § 3B1.2; PSR ¶¶ 13–17. Thus, the claim fails.

As for Daye's claim that the court improperly relied on "inaccurate numbers" about heroin deaths, it fails. [D.E. 64] 7. Initially, Daye disputes how many people died of heroin overdoses in the United States. Even if the number is less than approximately 70,000 annual overdoses, the claim does not reveal any flaw in Daye's sentencing. After all, the court discussed the large numbers of heroin deaths in the United States as a part of a discussion of the serious nature of heroin and fentanyl distribution. See Sent. Tr. at 21; cf. 18 U.S.C. § 3553(a)(2). Heroin and fentanyl cause deaths, and distributing heroin and fentanyl is an incredibly serious offense. See 18 U.S.C. § 3553(a)(2). Thus, the claim fails.

As for Daye's argument that the court erred in relying on "barebone arrest information," [D.E. 64] 7, the record belies this argument. See Sent. Tr. [D.E. 52]. Moreover, and in any event, the court correctly sentenced Daye within the applicable advisory guideline range. Thus, the claim fails.

B.

Daye alleges that he received ineffective assistance of counsel because his lawyer did not object to the court allegedly using Daye's conspiracy conviction in count one and his 2016 North Carolina drug-trafficking convictions as predicate offenses for Daye's career offender designation, request a minor role adjustment, or object to the court relying on inaccurate information about the number of heroin deaths in the United States. The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S.

5

4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Daye must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Daye has not plausibly alleged deficient performance at sentencing. Daye's 2016 North Carolina felony drug convictions are controlled substances offenses under U.S.S.G. § 4B1.2(b) and are predicate convictions for career offender status. See PSR ¶¶ 27–28. Accordingly, even if defense counsel had objected to using Daye's 2016 North Carolina felony drug convictions as predicate offenses for Daye's career offender status, the objection would have failed. See U.S.S.G. §§ 4B1.1(a), 4B1.2(b); White, 2021 WL 308596, at *2. The Sixth Amendment does not require a

6

lawyer to make all non-frivolous objections, much less baseless objections. See Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009). The same conclusion applies to any objections based on count one (while ignoring counts two through eight), Daye's alleged minor role, or the number of heroin deaths. As discussed, the objections are meritless, and the Sixth Amendment did not require defense counsel to make meritless objections. See id. On this record, there was no deficient performance. See id.; Strickland, 466 U.S. at 691.

Alternatively, Daye has not plausibly alleged prejudice concerning counsel's performance at sentencing. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have been sentenced differently if the deficient performance had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010) (per curiam); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Daye has not plausibly alleged that counsel could have done something differently to obtain a different sentence for Daye. See Sent. Tr. at 26. Indeed, this court's alternative sentence defeats any claim that counsel's performance at sentencing prejudiced Daye. See Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). Thus, Daye has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

As for Daye's claim of ineffective assistance of appellate counsel, Daye alleges that appellate counsel was deficient for failing to raise the same issues just discussed and for failing to raise ineffective assistance of trial counsel. The arguments Daye asserts that trial and appellate counsel should have made are meritless. Additionally, because Daye's trial counsel's assistance was not

7

ineffective, it was not ineffective assistance for appellate counsel not to raise the issue on direct appeal. See Knowles, 556 U.S. at 124–26. On this record, there was no deficient performance. See id.; Strickland, 466 U.S. at 691.

C.

After reviewing the claims presented in Daye's motion, the court finds that reasonable jurists would not find the court's treatment of Daye's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 57], DISMISSES petitioner's section 2255 motion [D.E. 61], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 6 day of April, 2022.

JAMES C. DEVER III
United States District Judge

8